IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DYSTIN LEE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WASHINGTON COUNTY, ) | Case No. _____ |
| TENNESSEE, a Political Subdivision of ) | |
| the State of Tennessee; ) | JURY DEMANDED |
| ) | |
| CITY OF JOHNSON CITY, ) | |
| TENNESSEE, a Political Subdivision of ) | |
| the State of Tennessee; ) | |
| ) | |
| TROY SIGMON, Individually and in his ) | |
| Official Capacity, ) | |
| ) | |
| JOHN DOE, Individually and in their ) | |
| Official Capacity, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes the Plaintiff, Dystin Lee Johnson, and for cause of action against the Defendants would show as follows:

### I. INTRODUCTION

1. This is an action for damages arising under the Constitution of the United States and the laws of the State of Tennessee. Defendants violated the rights of Plaintiff Dystin Lee Johnson that were secured to him by the Fourth and Fourteenth Amendment to the United States Constitution. After the plaintiff was under arrest by law enforcement and securely restrained by handcuffs, the Defendants used excessive force in using a police dog to bite the plaintiff's head.

Defendants' conduct caused the plaintiff to suffer severe and significant physical pain, permanent injury and disfigurement. This conduct by the defendants shocks the conscience and is not tolerated by a civilized society.

## II. PARTIES

2. Plaintiff Dystin Lee Johnson is a citizen and resident of Washington County, Tennessee and resides at 144 Timberlake Private Drive, Piney Flats, Tennessee 37686.

3. Defendant Washington County, Tennessee is a governmental entity created and existing in the State of Tennessee and can be served through its agent for service of process: Joe Grandy, County Mayor, 100 E. Main Street, PO Box 219, Jonesborough, Tennessee.

4. Defendant City of Johnson City, Tennessee is a governmental entity created and existing in the State of Tennessee and can be served through its agent for service of process: Thomas J. Seeley, III, City Attorney, 601 E. Main Street, Johnson City, TN 37601.

5. Defendant Troy Sigmon is citizen and resident of Washington County, Tennessee. At all times material, Defendant Troy Sigmon was employed and/or serving as a K-9 Officer with the Washington County Sheriff's Office and was acting under the color of state law. Officer Sigmon is being sued both in his individual capacity and in his official capacity. Officer Sigmon can be served with service of process through the Washington County Sheriff's Office and accepted by Keith Sexton, Sheriff of Washington County.

6. Defendant John Doe was employed with and/or serving as a K-9 Officer with either the Washington County Sheriff's Office or the Johnson City Police Department and was acting under the color of state law. Defendant John Doe is being sued both in their individual capcity and in their official capacity. However, the name and identity of this "John Doe" defendant is currently unknown to this Plaintiff or his counsel. Once their identity is discovered,

the plaintiff will move to amend his Complaint to name the individual defendant. This defendant may be served with process via Thomas J. Seeley, III, City Attorney for the City of Johnson City, 601 E. Main Street, Johnson City, TN 37601. This defendant may also be served with service of process through the Washington County Sheriff's Office and accepted by Keith Sexton, Sheriff of Washington County.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims brought under Title 42 of the United States Code Section 1983. See 28 U.S.C. §§ 1331, 1343(a)(3).

8. Venue exists in the United States District Court, Eastern District of Tennessee at Greeneville, pursuant to 28 U.S.C. § 1391(b)(1) (the district in which any defendant resides) and/or 28 U.S.C. § 1391(b)(2) (the district in which a substantial part of the events or omissions giving rise to the claim occurred).

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## IV. STATEMENT OF FACTS

8. On August 25, 2024, at approximately 1:46 p.m., the plaintiff was being pursued by officers with the Kingsport Police Department after he allegedly stole a vehicle.

9. After eluding law enforcement, the plaintiff was traveling on Bristol Highway in Johnson City, Tennessee when he was involved in a motor vehicle collision with another vehicle.

10. Following this motor vehicle collision, officers from the Johnson City Police Department and the Washington County Sheriff's Office responded to the scene.

11. Upon information and belief, among the law enforcement who responded to this incident were multiple K-9 officers, including Defendant Troy Sigmon (hereinafter referred to as

"Officer Sigmon"), and Defendant John Doe.

12. Officer Sigmon had his police dog, believed to be named "Cain," at his side.

13. As law enforcement was responding to the scene, the plaintiff attempted to flee down an embankment to a creekbed and under a bridge; however, he was soon located and arrested.

14. The plaintiff was handcuffed with his hands behind his back.

15. As the plaintiff was being brought back up the embankment, one of the law enforcement officers began to conduct a frisk of the plaintiff's legs.

16. As the plaintiff was being frisked, he and the law enforcement officers continued to walk up the embankment towards other officers, including Officer Sigmon and John Doe.

17. As the plaintiff was compliantly walking up the embankment, suddenly and without warning, the police dog of either Officer Sigmon or John Doe lunged forward and bit the left side of the plaintiff's head.

18. In the alternative, and upon information and belief, Officer Sigmon or John Doe ordered their police dog to attack and bite the plaintiff.

19. As the police dog was attacking the plaintiff, the dog bit off a large portion of the plaintiff's left ear, causing the plaintiff to suffer excruciating pain and disfigurement.

20. At no time after the plaintiff was handcuffed did the plaintiff show any signs of aggressive, combative or resistant behavior to justify the use of the police dog.

21. At present, the plaintiff's left ear is permanently disfigured.

### IV. CAUSES OF ACTION

#### A. 42 U.S.C. § 1983
#### Fourth Amendment Violation – Excessive Force.
#### Individual Liability – Officers Troy Sigmon and John Doe – Excessive force in using the police dog.

22. Plaintiff re-alleges Paragraphs 1- 21 of this Complaint as if fully set forth herein.

23. A cause of action exists under 42 U.S.C. § 1983 for money damages against an individual acting under color of state law who deprives another of rights, privileges, or immunities secured by federal law and the Constitution of the United States of America.

24. The Fourth Amendment prohibits arresting and investigating officers from using excessive force. See *Smoak v. Hall,* 460 F.3d 768, 783 (6th Cir. 2006).

25. Excessive force under the Fourth Amendment is objectively unreasonable conduct that, given the facts and circumstances, would "shock the conscience" and amount to an arbitrary exercise of governmental power.

26. The gratuitus use of force against an arrestee also constitutes excessive force under the Fourth Amendment. See *Bultema v. Benzie Cnty.,* 146 F. App'x 28, 35 (6th Cir. 2005).

27. Use of a police dog during an arrest under the Fourth Amendment is analyzed by "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." See *Kostrzewa v. City of Troy,* 247 F.3d 633, 639 (6th Cir. 2001) (quoting *Graham v. Connor,* 490 U.S. 386, 396 (1989)).

28. At the time when the decision was made by either Officer Sigmon or John Doe to use the police dog, the plaintiff did not pose an immediate threat to the safety of the officers or others as he was restrained, in custody, and compliant with the commands of law enforcement.

29. Officer Sigmon or John Doe acted negligently and recklessly in not properly and adequately restraining their police dog so as to not attack and bite persons without cause, as was done to the plaintiff.

30. In the alternative, Officer Sigmon or John Doe acted negligently and recklessly in ordering their police dog to attack the plaintiff who was restrained by handcuffs and not resisting

the commands of law enforcement.

31. Officer Sigmon or John Doe acted negligently and recklessly in allowing their police dog to bite and inflict an injury that caused excruciating pain and disfigurement.

32. Officer Sigmon or John Doe knew that the plaintiff did not pose a risk to the public and that the plaintiff was not attempting to flee the scene or resist arrest immediately prior to the attack by the police dog.

33. Officer Sigmon or John Doe were deliberately indifferent to the requirements of the Fourth Amendment in allowing their police dog to attack the plaintiff when no justifiable cause existed to permit this use of force.

34. In the alternative, Officer Sigmon or John Doe were deliberately indifferent to the requirements of the Fourth Amendment in ordering their police dog to attack the plaintiff.

35. Any reasonable observer, given the facts and circumstances of this incident, would come to the unavoidable conclusion that Officer Sigmon or John Doe's conduct was objectively unreasonable so as to be unacceptable in a civilized society and shocking to the conscience. On any objective scale, the actions and conduct of Officer Sigmon or John Doe constitute an arbitrary and capricious exercise of governmental power and constitute excessive force in violation of the Fourth Amendment.

36. As a result of Officer Sigmon or John Doe's deliberate indifference to the plaintiff's right to be secure from excessive force, the plaintiff suffered severe physical, mental and emotional injuries.

37. Plaintiff therefore sues Officer Troy Sigmon and Defendant John Doe for the deliberate indifference to and violation of his rights under the Fourth Amendment. Plaintiff seeks the following relief:

a. Economic damages for the cost of past and future medical care, and non-economic damages for pain and suffering, mental and emotional anguish, disfigurement, permanent impairment, and loss of enjoyment of life;

b. Punitive damages; and

c. Attorney's fees pursuant to 42 U.S.C. § 1988.

## Municipal Liability

38. Plaintiff hereby incorporates paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. The Due Process Clause of the Fourteenth Amendment prohibits Defendants Washington County, Tennessee and City of Johnson City, Tennessee from having any custom, policy, or procedure which would constitute the proximate cause of its officers' deprivation of any citizen's constitutional rights. Where such a custom, policy, or procedure has resulted in its officers' deprivation of a citizen's constitutional rights under 42 U.S.C. § 1983, sovereign immunity is removed, thereby allowing the citizen to recover her damages in a suit against the municipality.

40. Upon information and belief, Washington County and City of Johnson City negligently and/or recklessly failed to adequately train their officers on the requirements of the Fourth Amendment in the use of police dogs.

41. In this case, Officer Sigmon or John Doe's negligent and/or reckless use of the police dog evidences a negligent and reckless lack of training in proper procedures and methods related to the proper use of a police dog under the Fourth Amendment.

42. The conduct by Officer Sigmon or John Doe in using the police dog after the plaintiff was securely restrained, in custody and not resisting the commands of law enforcement,

is proof that this was a custom and practice of the Washington County Sheriff's Office or the Johnson City Police Department.

43. Upon information and belief, the failure of supervising officers and officials, including the Sheriff or police chief, to discipline or otherwise punish Officer Sigmon or John Doe for this incident, constitutes ratification under section 1983 precedent, and likewise renders Washington County or City of Johnson City liable to the plaintiff.

44. Washington County or City of Johnson City are liable to the plaintiff because their customs, policies, and procedures were the proximate cause of Officer Sigmon or John Doe's deliberate indifference to the plaintiff's constitutional right against the use of excessive force.

45. Plaintiff therefore sues Washington County and City of Johnson City, and seeks the following relief:

    a. Economic damages for the cost of past and future medical care, and non-economic damages for pain and suffering, mental and emotional anguish, disfigurement, permanent impairment, and loss of enjoyment of life; and

    b. Attorney's fees pursuant to 42 U.S.C. § 1988.

### B. Tenn. Code Ann. § 29-20-202 et seq.
### Tennessee Governmental Tort Liability Act – Negligence

46. Plaintiff hereby incorporates paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Washington County and City of Johnson City were at all times hereto responsible for the training and supervision of their officers, employees and/or agents.

48. Pursuant to the Tennessee Governmental Tort Liability Act, the Defendants owed the plaintiff a duty of care to be free from illegal actions that would cause physical and mental pain and suffering, and disfigurement.

8
Case 2:25-cv-00131-DCLC-CRW    Document 1    Filed 08/21/25    Page 8 of 11    PageID #: 8

49. These Defendants breached the duty of care as set forth herein and are therefore liable to the plaintiff pursuant to the Act.

50. Plaintiff sues these Defendants under the Act for all the reasons previously set forth herein, which are causally related to his injuries, and seeks money damages in the maximum amount allowed pursuant to the Tennessee Governmental Tort Liability Act.

### C. Assault - Officer Sigmon and John Doe

51. Plaintiff hereby incorporates paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. Pursuant to *Tenn. Code Ann.* § 39-13-101, a person commits an assault when they intentionally, knowingly, or recklessly cause bodily injury to another.

53. Officer Sigmon or John Doe assaulted the plaintiff by their unjustifiable and reckless use of the police dog to attack the plaintiff, which caused serious, permanent physical and mental injuries.

54. Plaintiff sues Officer Sigmon and John Doe for all the reasons previously set forth herein, which are causally related to his injuries, and seeks money damages in an amount to be set by the jury.

### D. Intentional, Reckless, and/or Negligent Infliction of Emotional Distress Claim Against Officer Sigmon and John Doe

55. Plaintiff hereby incorporates paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. As described above, the conduct of Officer Sigmon or John Doe was outrageous in the use of the police dog.

57. Officer Sigmon or John Doe recklessly, negligently and/or intentionally inflicted emotional distress upon the plaintiff when engaging in this conduct, and/or knew that there was a

high probability that such conduct would result in such distress.

58. Officer Sigmon or John Doe's negligent, reckless and/or intentional conduct caused the plaintiff to suffer severe physical, mental and emotional distress that no reasonable person should endure.

59. Plaintiff sues Officer Sigmon and John Doe for all the reasons previously set forth herein, which are causally related to his injuries, and seeks money damages in an amount to be set by the jury.

## V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dystin Lee Johnson respectfully requests this Honorable Court grant relief as follows:

  a. Issue process, requiring the Defendants to answer this Complaint;
  b. Empanel a jury to try this cause;
  c. Award compensatory damages against all Defendants pursuant to the claims brought pursuant to 42 U.S.C. § 1983 in the amount of $500,000.00;
  d. Award compensatory damages against all Defendants in the maximum amount allowed under the Tennessee Governmental Tort Liability Act;
  e. Award punitive damages against Officer Troy Sigmon and John Doe, pursuant to the claims brought pursuant to 42 U.S.C. § 1983 in the amount of $500,000.00;
  f. Award Plaintiff attorney's fees pursuant to 42 U.S.C. § 1988;
  g. Award costs of this action including discretionary costs; and
  h. Award any other or further relief to which he may be entitled.

Respectfully submitted this 21st day of August, 2025.

/s/ Thomas J. Smith
Thomas J. Smith, BPR #35331
Jesse J. Campbell, BPR #36405
Marcos M. Garza, BPR #021483
Jason E. Legg, BPR #018765
Philip La Nasa, BPR #026148
Brent Morris, BPR #024621
**GARZA LAW FIRM, PLLC**
118 E. Watauga Ave.
Johnson City, TN 37601
Phone: (423) 282-1041
Fax: (865) 474-9397
Email: tsmith@garzalaw.com