| | | |
|---|---|---|
| DYSTIN LEE JOHNSON, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 2:25-cv-00131-DCLC-CRW |
| | ] | |
| WASHINGTON COUNTY, TENNESSEE; | ] | |
| and TROY SIGMON, Individually and in | ] | |
| his Official Capacity, | ] | |
| | ] | |
| Defendants. | ] | |

## ANSWER OF WASHINGTON COUNTY, TENNESSEE AND TROY SIGMON

The defendants, Washington County, Tennessee and Troy Sigmon, in his individual and official capacity, make the following Answer to the Complaint [Doc. 1] and would show unto the Court as follows:

1. In answer to paragraph 1 of the Complaint, these defendants deny that these defendants violated the constitutional rights of the plaintiff. These defendants admit that the plaintiff was under arrest and was in handcuffs at the time that he was bitten by the K-9 officer, but it is denied that the K-9 officer bit the plaintiff at the direction of Deputy Sigmon or that the bite was any intentional use of force. These defendants admit that the plaintiff suffered some injury relating to the dog bite but deny any other allegations of the first paragraph of the Complaint.

2. These defendants admit the allegations of paragraph 2 of the Complaint.

3. These defendants admit the allegations of paragraph 3 of the Complaint.

4. The allegations of paragraph 4 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

5. These defendants admit the allegations of the first and second sentences of paragraph 5

of the Complaint.  To the extent that the plaintiff is suing Deputy Sigmon in his official capacity, these defendants assert that such a claim is the same as a suit against Washington County and should be dismissed as redundant.  Deputy Sigmon is not contesting service of process and has accepted service of process.

6.  The allegations of paragraph 6 of the Complaint relating to a "John Doe" defendant fail to state a claim against these defendants and are generally denied to the extent addressed to these defendants.

7.  These defendants admit the allegations of paragraph 7 of the Complaint.

8.  These defendants admit the allegations of paragraph 8 of the Complaint.

9.  In answer to paragraph 9 of the Complaint, these defendants admit that the Court has authority to exercise supplemental jurisdiction, but these defendants assert that such jurisdiction should be declined with respect to any state law claims.

Second Paragraph 8.  These defendants admit the allegations of the second paragraph 8 of the Complaint.

Second Paragraph 9.  These defendants admit the allegations of the second paragraph 9 of the Complaint.

10.  These defendants admit the allegations of paragraph 10 of the Complaint.

11.  In answer to paragraph 11 of the Complaint, these defendants admit that Deputy Sigmon responded to the scene of the accident with his K-9 officer.

12.  These defendants admit the allegations of paragraph 12 of the Complaint.

13.  These defendants admit the allegations of paragraph 13 of the Complaint.

14.  These defendants admit the allegations of paragraph 14 of the Complaint.

15. These defendants deny the allegations of paragraph 15 of the Complaint.

16. These defendants deny the allegations of paragraph 16 of the Complaint.

17. These defendants deny the allegations of paragraph 17 of the Complaint.

18. These defendants deny the allegations of paragraph 18 of the Complaint.

19. In answer to paragraph 19 of the Complaint, these defendants admit that the K-9 officer bit the plaintiff causing an injury to the plaintiff's left ear.

20. These defendants deny the allegations of paragraph 20 of the Complaint as stated.

21. These defendants lack sufficient information to admit or deny the allegations of paragraph 21 of the Complaint.

22. The allegations of paragraph 22 of the Complaint do not require a further answer, and these defendants rely upon their prior answers.

23. In answer to paragraph 23 of the Complaint, these defendants deny that the plaintiff has any valid claim against them pursuant to 42 U.S.C. § 1983 and deny that the plaintiff's constitutional rights were violated.

24.-27. The allegations of paragraphs 24 through 27 of the Complaint are assertions of law that do not require an answer. These defendants deny that the plaintiff's constitutional rights were violated.

28. These defendants deny the allegations of paragraph 28 of the Complaint as stated.

29. These defendants deny the allegations of paragraph 29 of the Complaint.

30. These defendants deny the allegations of paragraph 30 of the Complaint.

31. These defendants deny the allegations of paragraph 31 of the Complaint.

32. In answer to paragraph 32 of the Complaint, these defendants assert that Deputy Sigmon

3

did not direct the K-9 officer to attack the plaintiff and that the use of force by the K-9 officer on the plaintiff was a result of actions by the plaintiff that were perceived by the K-9 officer to be a danger to the officers.

33. These defendants deny the allegations of paragraph 33 of the Complaint.

34. These defendants deny the allegations of paragraph 34 of the Complaint.

35. These defendants deny the allegations of paragraph 35 of the Complaint.

36. These defendants deny the allegations of paragraph 36 of the Complaint.

37. In answer to paragraph 37 of the Complaint, these defendants deny that the plaintiff's constitutional rights were violated and deny that the plaintiff is entitled to any of the relief sought.

38. The allegations of paragraph 38 of the Complaint do not require a further answer, and these defendants rely upon their prior answers.

39. The allegations of paragraph 39 of the Complaint are assertions of law that do not require an answer. These defendants deny that the plaintiff's constitutional rights were violated and deny that any custom, policy, or procedure on the part of Washington County was the moving force behind any alleged constitutional violation.

40. These defendants deny the allegations of paragraph 40 of the Complaint.

41. These defendants deny the allegations of paragraph 41 of the Complaint.

42. These defendants deny the allegations of paragraph 42 of the Complaint.

43. These defendants deny the allegations of paragraph 43 of the Complaint.

44. These defendants deny the allegations of paragraph 44 of the Complaint.

45. In answer to paragraph 45 of the Complaint, these defendants deny that the plaintiff has any valid cause of action and deny that the plaintiff is entitled to any of the relief sought.

4

46. The allegations of paragraph 46 of the Complaint do not require a further answer by these defendants, and these defendants rely upon their prior answers.

47. In answer to paragraph 47 of the Complaint, these defendants deny the allegations as stated, but admit that the elected Sheriff, Keith Sexton, as an elected official of Washington County is ultimately the person responsible for the training and supervision of the County's deputies.

48. These defendants deny the allegations of paragraph 48 of the Complaint as stated.

49. These defendants deny the allegations of paragraph 49 of the Complaint.

50. These defendants deny the allegations of paragraph 50 of the Complaint and assert that Washington County retains immunity with respect to the plaintiff's negligence claims asserted under the Tennessee Governmental Tort Liability Act ("GTLA") inasmuch as the County retains immunity pursuant to Tennessee Code Annotated § 29-20-205(1) for any discretionary acts such as decisions relating to training or supervision and pursuant to Tennessee Code Annotated § 29-20-205(2) for claims against it made on the basis of alleged civil rights violations. These defendants further assert that the defendants retain immunity with respect to any claims asserted under the GTLA relating to training or supervision inasmuch as any such duties owed would be duties owed to the public at large and not to the plaintiff and, therefore, the public duty doctrine applies.

51. The allegations of paragraph 51 of the Complaint do not require a further answer, and these defendants rely upon their prior answers.

52. The allegations of paragraph 52 of the Complaint are assertions of law that do not require an answer.

53. These defendants deny the allegations of paragraph 53 of the Complaint.

54. These defendants deny that the plaintiff has any valid cause or action or that he is entitled

5

to any damages as alleged in paragraph 54 of the Complaint.

55. The allegations of paragraph 55 of the Complaint do not require a further answer, and these defendants rely upon their prior answers.

56. These defendants deny the allegations of paragraph 56 of the Complaint.

57. These defendants deny the allegations of paragraph 57 of the Complaint.

58. These defendants deny the allegations of paragraph 58 of the Complaint.

59. These defendants deny that the plaintiff has any valid cause or action or that he is entitled to any damages as alleged in paragraph 59 of the Complaint..

60. These defendants deny that the plaintiff is entitled to any of the relief sought against these defendants.

61. These defendants deny all allegations of the Complaint which were not previously admitted, denied, or otherwise answered.

62. To the extent that the plaintiff has asserted a claim against Washington County under the GTLA, Washington County asserts that it retains immunity pursuant to the discretionary function exception as set forth in Tennessee Code Annotated § 29-20-205(1).

63. To the extent that the plaintiff has asserted a claim against Washington County under the GTLA, Washington County asserts that it retains immunity pursuant to the civil rights exception set forth in Tennessee Code Annotated § 29-20-205(2).

64. With respect to the plaintiff's state law claims, these defendants assert that they retain immunity pursuant to the public duty doctrine inasmuch as any duty owed to the plaintiff in this matter was a duty owed to the public at large and not to the plaintiff.

65. The defendant, Deputy Sigmon, asserts that he is entitled to qualified immunity as to the

6

plaintiff's federal and state law claims thereby barring the claims against him. In support of the qualified immunity defense, this defendant asserts that Deputy Sigmon did not instruct or direct the K-9 officer to use any force on the plaintiff and that the use of force by the K-9 officer on the plaintiff was a result of the actions of the plaintiff which were reasonably perceived by the K-9 officer to be aggressive. Deputy Sigmon asserts that he is entitled to qualified immunity inasmuch as he did not take any action that caused a violation of the plaintiff's federal or state law rights and that a reasonable officer in his position would have believed that his actions were consistent with the plaintiff's rights under clearly established law.

66. As an alternative affirmative defense, these defendants assert that the plaintiff is barred from any recovery in this action under state law inasmuch as the fault of the plaintiff equals or exceeds 50% of the total fault inasmuch as the plaintiff created the circumstances resulting in the use of force by the K-9 officer and otherwise acted negligently with respect to his own safety.

67. These defendants assert and rely upon all provisions of the GTLA to the extent that those provisions limit the claims of the plaintiff.

68. To the extent applicable, these defendants assert that the plaintiff's claims, or a portion of his claims, should be barred as a result of collateral estoppel, judicial estoppel, and/or the *Heck* doctrine.

69. The individual defendant, Deputy Sigmon, was acting at all times in his official capacity under the color of law as an employee of Washington County, and he was not acting within his individual capacity within the meaning of Tennessee Code Annotated § 29-20-113. Therefore, pursuant to that statute, Deputy Sigmon asserts that he is entitled to recover his attorneys fees in defending this action.

7

Having fully answered the Complaint, these defendants assert that the claims against them should be dismissed at the cost of the plaintiff. These defendants assert that they should be entitled to recover their attorney's fees, pursuant to 42 U.S.C. § 1988. The defendant, Deputy Sigmon, also asserts that he is entitled to recover his attorney's fees pursuant to Tennessee Code Annotated § 29-20-113. In the alternative, these defendants request a jury to hear this action. These defendants reserve the right to amend this Answer as consistent with the Federal Rules of Civil Procedure and the Orders of this Court.

Respectfully submitted,

 *s/ Jeffrey M. Ward*
JEFFREY M. WARD, BPR # 016329
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, TN 37744-1060
(423) 639-6811
(423) 639-0278 facsimile
jward@milligancoleman.com

Attorney for Washington County, Tennessee and Troy Sigmon

8